RULEY, JUDGE:
Since these four cases are governed by the same principles of law, they have been consolidated by the Court on its own motion for purposes of this decision.
In Swartling, the claimant, a lawyer, seeks recovery of the sum of $1,725.00, the cumulative amount of various Orders entered by the Circuit Court of Wetzel County for services rendered by him as Mental Hygiene Commissioner for Wetzel County in various mental hygiene proceedings.
In Worrell, the claimant, a lawyer, seeks recovery of the sum of $210.00, the amount of an Order entered by the Circuit Court of Wyoming County for services rendered by him as counsel for an indigent criminal defendant.
*58 In Sturm, the claimant, a lawyer, seeks recovery of the sum of $402.50, the amount of an Order entered by the Circuit Court of Wyoming County for services rendered by him as counsel for an indigent person in a mental hygiene proceeding.
Finally, in Davis, the claimant, a court reporter, seeks recovery of the sum of $94.47, the cumulative amount of various Orders entered by the Circuit Court of Doddridge County for services rendered by her as a court reporter in various mental hygiene proceedings.
All of the mentioned Circuit Court Orders were entered in the 1978-79 fiscal year. Payment in each case was denied by the State Auditor because funds for payment were not available. An Answer has been filed in each case acknowledging the validity and propriety of the claim asserted, and the cases have been submitted to this Court upon the pleadings.
West Virginia Code, Chapter 27, Article 5, provides for the appointment by circuit courts of persons such as the claimants in Swartling, Sturm and Davis to render the services which they did render in mental hygiene proceedings. It also provides for their payment for such services from the “mental hygiene fund” upon orders such as those entered in each case.
West Virginia Code, Chapter 51, Article 11, provides that circuit courts shall appoint counsel for poor criminal defendants, as in Worrell, and provides for their payment from the “Representation of needy persons fund”.
Both of the designated funds, of course, are subject to appropriation by the Legislature.
The right to counsel by defendants in criminal cases has been mandated by the United State Supreme Court. See Annotation: Accused’s right to counsel under the Federal Constitution — Supreme Court cases, 18 L. Ed. 2d 1420. It also has been held that persons whose mental capacity is being judicially determined are entitled to the same constitutional protection as is given to the accused in criminal cases. See 41 Am. Jur. 2d “Incompetent Persons” Section 15. Although there was a time when such services as counsel for indigent persons were imposed upon lawyers without compensation, most states, like West Virginia, now have statutes which provide for compensation at modest rates. See Annotation: Construction of state statutes *59 providing for compensation of attorney for services under appointment by court in defending indigent accused, 18 A. L. R. 3d 1074.
The Legislature, in obvious recognition of the foregoing authorities, adopted the statutes previously cited which provide for the appointment by the several circuit courts in the State of persons such as the claimants to perform services such as those performed by the claimants and for the payment for those services upon entry of a circuit court order. Thus, these claims are distinguished from those involved in Airkem Sales and Service, et al. v. Dept. of Mental Health, 8 Ct. Cl. 180 (1971). Having delegated, or perhaps mandated, those duties upon the circuit courts, should the Legislature then defeat them by failing to appropriate sufficient funds for their performance? It is manifest that an affirmative answer to that question would be contrary to the public interest and public policy. Circuit judges, being officers of the judicial branch of government, unlike the various executive agencies, are not kept informed of the balances in the mental hygiene fund or the representation of needy persons fund. Furthermore, even if by some means they were informed that these funds were exhausted, would they have any less duty to appoint counsel for poor persons under the statutes involved or to direct payment for such services? Clearly, these are claims which the State in equity and good conscience should discharge and pay. West Virginia Code §14-2-13. Accordingly, awards are made as follows:
To the claimant, Swartling, the sum of $1,725.00;
To the claimant, Worrell, the sum of $210.00;
To the claimant, Sturm, the sum of $402.50; and,
To the claimant, Davis, the sum of $94.47.