WALLACE, JUDGE:
In this consolidated claim, the claimant seeks to recover $181,052.93, of which sum $156,267.00 is the amount of unem *388 ployment compensation tax owed by respondent and $24,785.93 is accumulated statutory interest of 1 % per month. The following is a breakdown by tax and interest:
Institution Tax Interest
Administration $11,588.42 $ 3,171.60
Anthony Center 17,074.63 3,129.87
Industrial School for Boys 12,559.57 3,496.07
Leckie Center 37,335.36 100.80
W.Va. Penitentiary 47,621.09 12,231.26
Anthony Center 1,420.00 52.54
Parole Services 10,642.46 348.01
Industrial School for Boys 3,998.55 147.95
W. Va. Prison for Women 14,026.92 2,107.83
The purpose of the Unemployment Compensation Law is to provide a reasonable and effective means of promoting social and economic security by reducing so far as practicable the hazards of unemployment. In compliance with the Congressional Mandate of Public Law 94-566, Unemployment Compensation Amendments of 1976, the West Virginia Legislature amended the W.Va. Unemployment Compensation Law, effective January 1, 1978. Under W.Va. Code §21A-l-3 (7) and §21A-l-3 (9) (a), services rendered by employees of the State are covered by the Unemployment Compensation Law.
The respondent in its Answers admits the validity of the claims, but states that the claims must be denied under the doctrine announced by the Court in Airkem Sales and Service et al. vs. Dept. of Mental Health, 8 Ct.Cl. 180 (1971). The consolidated claims in Airkem represented various supplies, commodities and services furnished to the respondent for which an appropriation was made by the Legislature during the preceding fiscal year. The claims were disallowed, despite the respondent’s opinion that the claims were moral obligations of the State, because the respondent lacked sufficient funds from its appropriation with which to pay the claims.
The Court, however, looks to its decision in Swartling, et al. vs. Office of the State Auditor, 13 Ct.Cl. 57 (1979). In Swart-ling, the Court made awards to the claimants for services rendered to the State pursuant to statutes promulgated by *389 the Legislature. Payment for these services was provided from funds designated for this purpose and subject to appropriation by the Legislature. The Court held in SwartEng that for the Legislature to provide for the types of services performed by the claimants and then to fail to appropriate sufficient funds to pay them would be contrary to public policy.
In this claim, the Legislature has adopted statutes based on Congressional directives. The statutes provide for the collection and disbursement of funds to compensate the unemployed. The cost of providing this service cannot be predicted for any given fiscal year in advance. Only at the close of the fiscal year is this total known. For the Court to deny these claims would be contrary to public policy and the mandate of Congress.
W.Va. Code §21A-5-17 provides interest payments on past due monies at a rate of 1% per month until payment. The Court is restricted by W.Va. Code §14-2-12 from awarding interest unless the claim arises on a contract specifically providing for the payment of interest. Based on this section, the Court concludes that the respondent is not legally liable for the payment of accrued interest. The Court, therefore, makes an award in the above listed claims in the amount of $156,267.00.
Award of $156,267.00.